IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-42679-TLS |
| DONALD E. WILLIAMS and ) | |
| BETTY J. WILLIAMS ) | CHAPTER 13 |
| ) | |
| Debtor(s). ) | |

ORDER

This matter is before the court on the motion for summary judgment (Fil. #107) filed by the United States Internal Revenue Service ("IRS"). Robert B. Creager represents Debtors Donald and Betty Williams. Sherra Wong of the United States Department of Justice represents the IRS. Evidence and briefs were filed by the IRS. Debtors did not respond to or resist the motion. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Debtors filed their objection (Fil. #30) to the proof of claim filed by the IRS (Claim 6-2). The objection pertains to the portion of the claim dealing with tax penalties of $10,684.12 assessed under 26 U.S.C. §6651(a) for failure to timely file income tax returns and $2,148.44 in estimated tax penalties under 26 U.S.C. §6654(a). Debtors' objection contends that they had "good cause" for late filing of their returns because Donald Williams was in poor health during the relevant time periods and because they were unaware of the necessity to file returns based on the nature and amount of their income. For the reasons stated below, Debtors' objection is overruled and the motion for summary judgment filed by the IRS is granted.

The following facts are uncontroverted:

1. Debtors filed their 2005, 2006 and 2007 federal income tax returns on September 25, 2009.

2. The due dates (with extensions) for the 2005, 2006 and 2007 returns were October 15 of 2006, 2007 and 2008, respectively.

3. The IRS assessed late-filing and estimated-tax penalties against Debtors on June 1, 2009 (for the 2005 and 2006 tax years) and November 9, 2009 (for the 2007 tax year). The outstanding late-filing penalties are $667.35 for 2005, $667.35 for 2006 and $9,349.42 for 2007. The outstanding estimated tax penalties are $116.00 for 2005, $142.00 for 2006 and $1,890.44 for 2007.

4. Before he began having health problems, Don Williams worked as a roofer under his corporation, Don Williams Roofing, Inc. Betty worked in a bookkeeper capacity with the company.

5. In 2004 and 2005, Don Williams had knee surgeries which limited his ability to climb on roofs. However, he continued to work and supervised crews.

6. Don Williams had a stroke in April of 2007. By May 3, 2007, Don had begun doing yard work. In May and June of 2007, Don began performing some work-related tasks such as practicing preparation of estimates for his company. By July of 2007, he was driving and performing some work for his roofing company and had also taken a trip to Las Vegas. By August 29, 2007, Don had passed his driving test and was bidding roofing jobs.

7. Don Williams had a seizure in 2008.

8. Despite Don's health problems, Debtors continued to take vacations and took monthly trips to a casino in Iowa. Betty Williams did not have any serious health issues from 2004 to 2009.

9. Betty had always been the person who handled the company books and dealt with the Debtors' tax returns.

10. Debtors took no particular action to file their 2005 - 2007 tax returns until the IRS contacted them about the need to file.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

Bankruptcy does not alter the burden of proof imposed by the substantive law. *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 17 (2000). This is because "creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Id.* at 20. In any court proceeding, the IRS has the burden of production with respect to an individual's liability for penalties, including objection-to-claim proceedings. 26 U.S.C. § 7491(c); *In re Berg,* 407 B.R. 167, 179-81 (Bankr. E.D. Pa. 2009) (discussing the shifting of burdens in the context of a § 6664 accuracy-related penalty in objection-to-claim proceeding). The burden of proving reasonable cause shifts to the taxpayer once the government has met its burden of production on the appropriateness of the penalty. *United States v. Boyle,* 469 U.S. 241, 245 (1985); S. REP. No. 105-174 at 46 (1998).

*See Haggar v. United States,* 772 F. Supp. 2d 1069, 1072 (D.S.D. 2011) (shifting burden of establishing the reasonable-cause defense against a § 6662(b)(1) accuracy-related penalty for underpayment of tax).

There is no dispute that Debtors were required to file tax returns for 2005 - 2007 and that they filed their returns late. The IRS has submitted evidence as to the amount and the appropriateness of the penalties set forth in its claims. As indicated, Debtors failed to respond to the pending motion, apparently relying upon the health issues of Don Williams as their "cause" for failing to file. In *Carlson v. United States (In re Carlson),* 126 F.3d 915, 923 (7th Cir. 1997), the Seventh Circuit stated that "the type of illness or debilitation that might create reasonable cause is one that because of severity or timing makes it virtually impossible for the taxpayer to comply – things like emergency hospitalization or incapacity occurring around tax time." The record here is clear that while Don Williams did have some health issues, his knee surgeries do not rise to the level of illness or debilitation that would create reasonable cause for failure to file, and he returned to work approximately four months after suffering a stroke in 2007. In any event, Betty Williams did not suffer any material health setbacks during the relevant time period. The health issues raised by Debtors simply do not arise to the level of "good cause" for failure to file their returns.

Debtors also assert that they were unaware of the need to file returns for the applicable years, but that assertion is unsubstantiated. They had filed prior years' returns when they had similar amounts of income, and deciding not to file a return based on a belief that no tax is due is not reasonable cause. *Rubber Research, Inc. v. Comm'r,* 422 F.2d 1402, 1407 (8th Cir. 1970).

Finally, the basis on which Debtors challenge the estimated tax penalties is unclear. The IRS has shown that the estimated taxes were not paid and that the penalties were properly assessed under 26 U.S.C. §6654(a). The burden shifted to Debtors to show that there is a genuine issue for trial. In light of their failure to even respond to the motion, they have failed to meet their burden.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. #107) is granted and Debtor's objection (Fil. #30) to the claim of the IRS is overruled.

DATED:    May 25, 2012

BY THE COURT:

 /s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Robert Creager    *Sherra Wong
    Ch. 13 Trustee    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.